UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IRVING DILLON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV- 010 PS |
| | ) |
| WALTER E. MARTIN | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

While incarcerated in the Miami Correctional Facility, Irving Dillon, a *pro se* prisoner, enrolled in a correspondence course offered by the American School. After completing the course Dillon received his high school diploma on August 1, 2005. Accordingly, on August 15, 2005, Dillon applied for educational credit to reduce his sentence, which the Indiana Department of Corrections ("IDOC") denied. It was not until he applied for the educational credit that Dillon claims he learned the department no longer approved his *alma mater* for educational credit purposes. IDOC disputes this; it maintains the American School chose to no longer accept IDOC prisoners as students. Furthermore, to qualify for educational credit based upon his matriculation at the American School, the IDOC asserts Dillon had to enroll by January 28, 2005. Dillon submitted his application to American School before that deadline, but his official enrollment date was February 14, 2005, after the deadline passed.[1]

Because he fulfilled the necessary requirements, Dillon maintains the IDOC's refusal to

---

[1] Dillon has apparently been released from prison but because he is on parole, presumably, the petition is not moot. See *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997) ("Habeas petitions, if filed while the petitioner is still in physical custody, continue in force after the petitioner is released on parole.")

give him one-year credit time violated his constitutional rights to due process and equal protection. (DE 1.)

Indiana Code § 35-50-6-3.3 allows a prisoner to earn credit time for various educational achievements, including a high school diploma. Ind. Code § 35-50-6-3.3(a). That section provides, in pertinent part:

> (a) In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
> (1) is in credit Class I;
> (2) has demonstrated a pattern consistent with rehabilitation; and
> (3) successfully completes requirements to obtain one (1) of the following:
> (A) A general educational development (GED) diploma under IC 20-20-6, if the person has not previously obtained a high school diploma.
> (B) A high school diploma, if the person has not previously obtained a general educational development (GED) diploma.
> (C) An associate's degree from an approved postsecondary educational institution (as defined under IC 21-7-13-6(a)).
> (D) A bachelor's degree from an approved postsecondary educational institution (as defined under IC 21-7-13-6(a)).

Upon graduation from high school a prisoner earns one year credit time. Ind. Code § 35-50-6-3.3(d). A person may also earn credit time for completing a career and technical education, substance abuse, or literacy and basic life skill program, as approved by the IDOC. Ind. Code § 35-50-6-3.3(b). IDOC determines whether a particular program qualifies for earning credit time in accordance with the statute. *See* Ind. Code § 35-50-6-3.3(c). *See also McGee v. State*, 790 N.E.2d 1067, 1070-71 (Ind. Ct. App. 2003).

Dillon claims that the governing statute does not authorize the IDOC to deny education credit on the basis of the date a prisoner enrolls in an educational program; that the American School's curriculum is "substantially similar" to that of Indiana's schools and conforms to the state's high school graduation requirements; and that the Indiana Court of Appeals' decision in

2

his case conflicts with another decision of that court. (DE 1 at 9-11.)

All of Dillon's claims fail for one reason: whether or not Dillon met the criteria to receive the educational credits is solely a question of state law. We know from *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) that federal habeas corpus relief does not lie for errors of state law. Rather, federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id*. Consequently, the IDOC's refusal to grant Dillon educational credits is not a basis for *habeas corpus* relief unless Dillon has a liberty interest in receiving such credit. If such an interest exists, depending upon the circumstances, IDOC's refusal to award the credit could violate due process. So, the question is whether Dillon has a protected liberty interest in the educational credit.

The purpose of Indiana's educational time-credit statute is to provide incentive for prisoners to complete educational degrees by rewarding that accomplishment with a reduction in sentence. *Poling v. State*, 740 N.E.2d 872, 883 (2000), *overruled on other grounds by Graves v. State*, 823 N.E.2d 1193 (Ind. 2005). To that extent educational credit is analogous to good time credit. Good time credit for satisfactory behavior is a state-created right; any concept of "liberty" attaches to such credits only when the state creates them and, if discretionary, grants them. *See Pryor v. Brennan*, 914 F.2d 921, 927 (7th Cir. 1990). *See also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In this case, Dillon never received the educational credit. When Dillon sought to obtain credit for his high school diploma, the IDOC no longer recognized the school for educational credit purposes. As a result, the IDOC refused to grant Dillon a one-year reduction in his sentence. The denial of credit did not increase the length of Dillon's sentence. Despite the fact Dillon completed the course, he did not have a protected liberty interest in the
3

educational credit.

Therefore, Dillon's petition for *habeas corpus* [DE 1] is **DENIED**.

**SO ORDERED**.

ENTERED: March 6, 2009.

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT